to him by the taxpayer under a conditional sale agreement whereby the uncle was required to pay the taxpayer at the end of each day the proceeds of the sales of such merchandise up to the amount of the cost of such purchases, and these amounts were deposited by the taxpayer in his own accounts. No profit was made by the taxpayer upon merchandise purchased for his uncle's business and he acted only in the capacity of buyer for him.

The taxpayer started business in Albuquerque, New Mexico, in February, 1917, with a capital of $2,100, and his net worth at the end of 1922 was approximately $8,500.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

### Appeal of JOHN McCARTHY & SON, INC.        Docket No. 354.

Submitted February 2, 1925; decided May 6, 1925.

*Starr Parsons, Esq.,* and *John J. Leonard, C. P. A.,* for the taxpayer.

*Robert A. Littleton, Esq.,* for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The issue in this appeal was whether an inaccurate return filed by the taxpayer without fraudulent intent was false within the meaning of section 250 (d) of the Revenue Act of 1921.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation. On July 22, 1919, it filed with the Collector of Internal Revenue of Boston, its income and profits tax return for the fiscal year ended March 31, 1919.

Thereafter, an examining internal revenue agent made a report recommending an addition to net income of $10,265.77, due to disallowance of deductions as follows:

| | |
|---|---:|
| Income tax | $72. 27 |
| Improvements deducted as repairs | 5, 009. 61 |
| Loss on sale of machinery and equipment | 3, 559. 85 |
| Depreciation reduced | 1, 604. 04 |
| Charitable donation | 20. 00 |

and recommended an additional tax of $1,862.57. His report was dated April 16, 1924, and was filed in the office of the Commissioner on April 26, 1924. On August 13, 1924, the Commissioner determined a deficiency against the taxpayer for the fiscal year 1919 of $1,862.57, from which determination the taxpayer appealed upon the ground that the assessment was barred by the statute of limitations contained in section 277 (a) (2) of the Revenue Act of 1924.

The errors of the taxpayer in its income and profits tax return for 1919, if any, were due to mistake and not to any intent to defraud or to avoid payment of tax.

DECISION.

Upon the authority of the *Appeal of the National Refining Co.*, 1 B. T. A. 236, and the *Appeal of John W. Collinson*, 1 B. T. A. 561, the deficiency determined by the Commissioner is disallowed.

---

Appeal of **WASHINGTON PAPER**                    Docket No. 1321.
        **STOCK CO.**

Submitted February 26, 1925; decided May 6, 1925.

*D. N. Burnham, C. P. A.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a determination by the Commissioner proposing to assess an additional tax in the amount of $1,942.82 for the calendar years 1919 and 1920. The amount of tax in dispute is approximately $1,451.25. From the evidence presented at the hearing the Board makes the following

FINDINGS OF FACT.

The taxpayer is a South Dakota corporation, with its principal offices in Washington, D. C., and kept its books of account on the accrual basis. In filing its returns for the years 1919 and 1920 the taxpayer computed its depreciation upon the book value of its assets, using the declining balances as the base and a high rate of depreciation. The Commissioner disallowed the depreciation claimed and computed depreciation on the book value of the assets at normal rates. Cost was not considered in computing the depreciation deduction. In the year 1920 the taxpayer's plant was destroyed by fire, and the loss was not compensated for by insurance or otherwise. The loss was allowed by the Commissioner, but he failed to restore to asset values depreciation disallowed to time of the fire.

During the year 1920 there were credited on the books of the corporation to its two principal officers salaries in the amount of $17,580, each. At the close of the taxable year all this salary had been paid with the exception of $2,500 to each of them. In closing the books of the corporation for the year the amount of salaries unpaid was set up in a "to balance" account and has been included by the Commissioner as income of the corporation for that year.

DECISION.

The determination of the Commissioner is disapproved in part. There should be allowed, as a loss by fire not compensated for by insurance or otherwise, in the year 1920, the amount of depreciation disallowed in 1919 and 1920, and the net income for 1920 should be reduced by $5,000 salaries payable to officers, erroneously included as income. The deficiency will be settled on consent or on seven days' notice under Rule 50.